UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAULA DEEN ENTERPRISES, LLC and : <br> DEEN BROTHERS ENTERPRISES, LLC, : <br> : <br> Plaintiffs, : <br> : <br> -against- : <br> : <br> CELEBRITY CHEFS TOUR, LLC and : <br> PROMARK PRODUCTIONS, LLC, : <br> : <br> Defendants. : <br> : <br> AND ANOTHER ACTION : | Docket No.: 10 CV 1529(AKH) |

**NOTICE OF MOTION FOR ORDER GRANTING COUNSEL FOR CELEBRITY CHEFS TOUR, LLC AND PROMARK PRODUCTIONS, LLC LEAVE TO WITHDRAW**

**PLEASE TAKE NOTICE** that Robert S. Meloni and Thomas P. McCaffrey, of the law firm of Meloni & McCaffrey, P.C., will move this Court for an Order pursuant to Local Civil Rule 1.4 granting them leave to withdraw as counsel of record for Defendant/Counterclaimant and Third Party Plaintiff Celebrity Chefs Tours LLC ("CCT") and Defendant Promark Productions LLC ("PP") (hereinafter CCT and PP shall be referred to as "Defendants"), and for a stay of these proceedings until such time as Defendants retain substitute counsel.

Said motion shall be brought on October 1, 2010, in the United States District Court for the Southern District of New York (the Honorable Alvin Hellerstein, presiding) located at 500 Pearl Street, Courtroom 14D, New York, New York, on the grounds that there has been a complete breakdown in the attorney-client relationship and irreconcilable differences exist between Defendants and their counsel that has rendered it impossible for counsel to effectively represent Defendants further in this matter.

This motion is based on this application, the accompanying Declaration of Robert S. Meloni, Esq., all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of any hearing hereon.

Dated:  September 20, 2010

                                      MELONI & McCAFFREY, P.C.

By:_____
     Robert S. Meloni [RM8087]
     Thomas P. McCaffrey (TPM 4057)
     1515 Broadway, 11th Floor
     New York, New York 10036
     Telephone: (212) 520-6089

*Defendant/Counterclaimant and Third Party Plaintiff Celebrity Chefs Tours LLC and Defendant Promark Productions LLC*

## SERVICE LIST

(1) Celebrity Chefs Tours LLC, *Defendant/Counterclaimant and Third Party Plaintiff*
1441 Cottontail Lane
La Jolla, CA 92037

(2) Promark Productions LLC, *Defendant*
1441 Cottontail Lane
La Jolla, CA 92037

(3) Lori Marks-Esterman, Esq.
Jennifer L. Heil, Esq.
Olshan, Grundman, Frome, Rosenzweig & Wolosky, LLP
65 East 55th Street
New York, NY 10022

*Attorneys for Plaintiffs/Counter-Defendants and Third-Party Defendants Paula Deen Enterprises, LLC, Deen Brothers Enterprises, LLC, Paula Deen, Michael Groover, Bobby Deen, v Jamie Deen and Artists Agency, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAULA DEEN ENTERPRISES, LLC and<br>DEEN BROTHERS ENTERPRISES, LLC,<br><br>　　　　　　　Plaintiffs,<br><br>　　　　-against-<br><br>CELEBRITY CHEFS TOUR, LLC and<br>PROMARK PRODUCTIONS, LLC,<br><br>　　　　　　　Defendants.<br><br>AND ANOTHER ACTION | :<br>:<br>:<br>:<br>:　Docket No.: 10 CV 1529(AKH)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## DECLARATION OF ROBERT S. MELONI IN SUPPORT OF MOTION
## FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS

**ROBERT S. MELONI,** pursuant to 28 U.S.C. §1746, declares as follows:

　　1.　I am a member of Meloni & McCaffrey, P.C., attorneys for Defendant/Counterclaimant and Third Party Plaintiff Celebrity Chefs Tours LLC ("CCT") and Defendant Promark Productions LLC ("PP") (hereinafter collectively referred to as "Defendants") in the above-entitled action.

　　2.　I respectfully submit this declaration in support of the motion pursuant to Local Civil Rule 1.4 on behalf of Robert S. Meloni and Thomas P. McCaffrey of Meloni & McCaffrey, P.C. for leave to withdraw as counsel of record for Defendants, and for a stay of these proceedings until such time as Defendants retain substitute counsel.

　　3.　To date, the only discovery that has occurred was the service of Rule 26(a) disclosures and the respective written discovery demands and responses by all of the parties to the action. Defendants also served Notices of Deposition of Plaintiffs Paula Deen Enterprises LLC and Deen

Brothers Enterprises LLC, as well as Third party defendant Artists Agency Inc. for depositions presently noticed to take place the week of October 4, 2010. Counsel for Plaintiffs and the Third Party Defendants notified Defendants' counsel that her clients are not able to attend any depositions in New York City that week, but said that they will be available the following week in Savannah, Georgia. No agreement has been reached at to the timing or venue of these depositions.

4. There are no hearings scheduled on this matter and no discovery has commenced apart from that set forth above. A trial date has not been set.

5. There exist satisfactory reasons for withdrawal. There has been a breakdown of attorney-client relationship and pervasive personality conflicts, rendering it no longer possible for counsel to render effective assistance in this matter to Defendants.

6. Defendants and counsel have encountered fundamental disagreements about the manner in which counsel is expected to discharge their responsibilities as counsel of record in this action. There has also been a fundamental breakdown of the trust and confidence required to maintain a working attorney-client relationship. I am prepared to address the specific reasons for this break down in detail *in camera*, if requested by the court. However, I cannot disclose those reasons in this Declaration on the grounds that they involve confidential communications.

7. As a result, on Friday, September 17, 2010, I advised Defendants that they should seek substitute counsel and that our law firm would have to withdraw from the case.

8. It is respectfully submitted that neither Defendants nor the other parties to this litigation will be prejudiced by the granting of this application. This action is in its early stages, and there are no imminent deadlines to complete discovery or other pretrial matters.

9. It is respectfully submitted that the within application be granted.

10. I declare under penalty of perjury that the foregoing is true and correct.

_____
Robert S. Meloni

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAULA DEEN ENTERPRISES, LLC and DEEN BROTHERS ENTERPRISES, LLC,<br><br>     Plaintiffs,<br><br>-against-<br><br>CELEBRITY CHEFS TOUR, LLC and PROMARK PRODUCTIONS, LLC,<br><br>     Defendants.<br><br>AND ANOTHER ACTION | Docket No.: 10 CV 1529(AKH) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
ORDER GRANTING COUNSEL FOR CELEBRITY CHEFS TOUR, LLC
AND PROMARK PRODUCTIONS, LLC LEAVE TO WITHDRAW AS COUNSEL**

Meloni & McCaffrey, P.C., submit this Memorandum of Law in support of its motion pursuant to Local Civil Rule 1.4 for (i) leave to withdraw as counsel of record for Defendant/Counterclaimant and Third Party Plaintiff Celebrity Chefs Tours LLC ("CCT") and Defendant Promark Productions LLC ("PP") (hereinafter CCT and PP shall be collectively referred to as "Defendants"), and (ii) for a stay of these proceedings until such time as Defendants retain substitute counsel.

This action was commenced by plaintiffs Paula Deen Enterprises, LLC and Deen Brothers Enterprises, LLC, on February 23, 2010. Defendants filed their Answer on March 15, 2010 which included various counterclaims asserted by CCT. CCT also filed a Third Party Complaint [DE3].

The case management conference was held on June 25, 2010 before the Honorable Alvin K. Hellerstein. To date, the only discovery that has occurred was the service of Rule 26(a) disclosures and the respective written discovery demands and responses by all of the parties to the action.

Defendants also served Notices of Deposition of Plaintiffs Paula Deen Enterprises LLC and Deen Brothers Enterprises LLC, as well as third party defendant Artists Agency Inc., for depositions presently noticed to proceed the week of October 4, 2010.[1]

For the reasons described in the accompanying Declaration of Robert S. Meloni ("Meloni Declaration"), Meloni & McCaffrey, P.C., counsel for Defendants, is unable to continue its representation of Defendants in this action. There are irreconcilable differences between the Defendants and its undersigned counsel such that the undersigned is unable to effectively and properly continue representing the Defendants herein.

As it is early in the proceedings and there are no pending deadlines to be effected, Defendants will not be prejudiced by the granting of this request. To maintain the status quo in this regard, and to protect Defendants' rights to the fullest extent possible, undersigned counsel simultaneously move this Court for an order staying this action until this motion is resolved and Defendants have had an opportunity to obtain substitute counsel.

## Legal Argument

Once an attorney has entered an appearance, he or she may not withdraw without leave of court. Local Rule 1.4 provides that:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

The Code of Professional Responsibility also provides for permissive withdrawal. Thus, "a

---

[1] Counsel for Plaintiffs and the Third Party Defendants notified Defendants' counsel that her clients are not able to attend any depositions in New York City that week, but said that they will be available the following week in Savannah, Georgia. No agreement has been reached at to the timing or venue of these depositions.

lawyer may withdraw from representing a client if…the client…renders it unreasonably difficult for the lawyer to carry out employment effectively…" or "…disregards an agreement or obligation to the lawyer as to expenses or fees." D.R. § 2-110(C)(1)(d) and (f).

"[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client." *See General Bank, New York Branch v. Wassel,* 91 Civ. 1768, 1992 WL 42168, *1 (S.D.N.Y. Feb. 24, 1992). *See also Griffin v. Norwegian Cruise Line, Ltd.*, 01 Civ. 9755, 2002 WL 500375, *1 (S.D.N.Y. Apr. 3, 2002) ("courts in the Southern District of New York have found that that the existence of an irreconcilable conflict between an attorney and his client is a sufficient basis for withdrawal"); *Hallmark Capital Corp. v. The Red Rose Collection, Inc.*, 96 Civ. 2839, 1997 WL 661146, *3 (S.D.N.Y. Oct. 21, 1997) ("Withdrawal under S.D.N.Y. Local Civil Rule 1.4 requires only 'satisfactory reasons for withdrawal,' which can be a lesser showing than the 'good cause' showing necessary to preserve an attorney's charging lien."); *Cosgrove v. Federal Home Loan Bank*, 90 Civ. 6455, 92 Civ. 4225, 1995 WL 600565, *2 (S.D.N.Y. Oct 12, 1995). ("it is clear that the existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client."); *Tufano v. City of New York*, 94 Civ. 8655, 1996 WL 419912, *1 (S.D.N.Y. July 25, 1996) (withdrawal permitted on showing that "an irreconcilable conflict has developed between [counsel and client] regarding litigation strategy"); *McGuire v. Wilson*, 738 F.Supp. 83, 85 (S.D.N.Y.1990) (counsel permitted to withdraw where client's affidavit "establish[ed] that the [attorney-client] relationship…had deteriorated beyond repair," although client claimed fault was counsel's). Moreover, "[a]n attorney may withdraw as counsel when his client fails to pay legal fees or to communicate with him," *Furlow v. City of New York*, 90 Civ. 3956, 1993 WL 88260, *2 (S.D.N.Y. Mar. 22, 1993), or disregards obligations as to

3

fees, *McGuire v. Wilson*, 735 F.Supp. 83, 84 (S.D.N.Y. 1990). Additionally, the Code of Professional Responsibility advises counsel to withdraw from representation where the client's conduct makes effective representation unreasonably difficult. *See* Code of Professional Responsibility, D.R. 2-110(C)(1)(d). *See Furlow,* 1993 WL 88260 at *2.

In this case, Defendants and counsel have encountered recurring fundamental disagreements from the outset of the litigation about the manner in which moving counsel is expected to discharge its responsibilities as counsel of record in this action. There has been an irreparable breakdown of the trust and respect required to maintain a working attorney-client relationship. Where the conduct of the client renders it unreasonably difficult for the attorney to carry out his duties to the client, the best interests of the client will be served by the withdrawal of counsel with whom the client has no rapport or in whom the client has demonstrated no confidence. The circumstances set forth in the accompanying Meloni Declaration submitted herewith in support of the motion to withdraw dictates a severing of the relationship with Defendants for these reasons.

This Honorable Court has the authority to issue orders in furtherance of judicial fairness and justice and under the circumstances, the undersigned should be permitted to withdraw from this case forthwith.

## **Conclusion**

For the above stated reasons and those set forth in the accompanying Declaration of Robert Meloni, Counsel for Defendants submits that because the attorney-client relationship has irrevocably broken down, this motion should be granted in its entirety, permitting Meloni & McCaffrey, P.C. to withdraw as counsel for Defendants, and staying the action until replacement counsel can be substituted.

Dated: September 20, 2010

                                  MELONI & McCAFFREY, P.C.

By:_____
    Robert S. Meloni [RM8087]
    Thomas P. McCaffrey [TPM 4057]
   1515 Broadway, 11th Floor
   New York, New York 10036
   Telephone: (212) 520-6089

*Defendant/Counterclaimant and*
*Third Party Plaintiff Celebrity Chefs Tours LLC*
*and Defendant Promark Productions LLC*

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAULA DEEN ENTERPRISES, LLC and DEEN BROTHERS ENTERPRISES, LLC,<br><br>Plaintiffs,<br><br>-against-<br><br>CELEBRITY CHEFS TOUR, LLC and PROMARK PRODUCTIONS, LLC,<br><br>Defendants | Civil Action No. No. 10 CV 1529(AKH)<br><br>**CERTIFICATE OF SERVICE** |

    The undersigned hereby certifies that he served a true and correct copy of the annexed **NOTICE OF MOTION, MEMORANDUM OF LAW, AND DECLARATION OF ROBERT S. MELONI IN SUPPORT OF MOTION FOR ORDER GRANTING COUNSEL FOR CELEBRITY CHEFS TOUR, LLC AND PROMARK PRODUCTIONS, LLC LEAVE TO WITHDRAW** on the 20th day of September 2010 by Email (PDF copy) and by depositing a true and correct copy thereof, enclosed in a wrapper addressed as shown below, into the exclusive care and custody of Federal Express for overnight delivery, prior to the latest time designated by that service for overnight delivery to the following person(s):

(1)    Celebrity Chefs Tours LLC, *Defendant/Counterclaimant and Third Party Plaintiff*
       1441 Cottontail Lane
       La Jolla, CA 92037
       Email: gravet@promarkproductions.com

(2)    Promark Productions LLC, *Defendant*
       1441 Cottontail Lane
       La Jolla, CA 92037
       Email: gravet@promarkproductions.com

(3)    Lori Marks-Esterman, Esq.
       Email: jheil@olshanlaw.com
       Jennifer L. Heil, Esq.
       Email: lmarksesterman@olshanlaw.com
       Olshan, Grundman, Frome, Rosenzweig & Wolosky, LLP
       65 East 55th Street
       New York, NY 10022

    *Attorneys for Plaintiff/Counter-Defendants and Third-Party Defendants*

                                                                               Robert S. Meloni

Dated: September 20, 2010