UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAULA DEEN ENTERPRISES, LLC and : <br> DEEN BROTHERS ENTERPRISES, LLC, : <br>   : <br> Plaintiffs, : <br>   : <br> -against- : <br>   : <br> CELEBRITY CHEFS TOUR, LLC and : <br> PROMARK PRODUCTIONS, LLC, : <br>   : <br> Defendants. : <br>   : <br> AND ANOTHER ACTION : | Docket No.: 10 CV 1529(AKH) |

**REPLY DECLARATION OF ROBERT S. MELONI**
**IN FURTHER SUPPORT OF MOTION TO WITHDRAW**

**ROBERT S. MELONI**, pursuant to 28 U.S.C. §1746, declares as follows:

1. I respectfully submit this reply declaration in further support of the motion pursuant to Local Civil Rule 1.4 on behalf of Robert S. Meloni and Thomas P. McCaffrey of Meloni & McCaffrey, P.C. for leave to withdraw as counsel of record for Defendants, and for a stay of these proceedings until such time as Defendants retain substitute counsel.

2. The Declaration of Gary Ravet In Opposition To Motion For Leave To Withdraw As Counsel For Defendants dated September 24, 2010 is irrefutable evidence as to why this firm is forced to withdraw as counsel for defendants in the above reference action. *See McGuire v. Wilson*, 738 F. Supp. 83, 85 (S.D.N.Y.1990) (counsel permitted to withdraw where client's affidavit "establish[ed] that the [attorney-client] relationship…had deteriorated beyond repair," although client claimed fault was counsel's) (emphasis added).

3. It is counsel's position that through the confidential disclosures made in Mr. Ravet's personal and professional attacks on counsel that, as the controlling principal of defendants, he has waived the attorney client privilege on defendants' behalf.  Mr. Ravet's unfounded and defamatory attacks on this firm's handling of strategic matters, particularly discovery, through proffered disclosures of purported representations by counsel, call for the disclosure by counsel of information and conversations  – exchanged with Mr. Ravet both by telephone and by email and otherwise protected by the privilege – in order for counsel to fairly defend those attacks and fully counter those misrepresentations.  Otherwise, counsel is forced to accept this unwarranted grievous assault on our reputation with our hands virtually tied behind our backs by said privilege.

4. Upon the Court's ruling that the privilege has been fully abrogated by Mr. Ravet's Declaration, Counsel will submit a supplementary Declaration that will specifically and truthfully address the representations therein.

5. In the interim, counsel will limit our response to what Mr. Ravet's states as my "repeated [ ] representations" in paragraphs 5 and 6 of his Declaration without reference to actual privileged communications, as follows:

(a) Counsel has never allowed their busy case load to negatively impact their diligent representation of any of their clients, including defendants.  Mr. Ravet's representation to the contrary is false and defamatory and will be dealt with at the appropriate time.

(b) Counsel has represented defendants in a competent and professional manner of the highest quality.  The case is presently operating under a Case Management Order

that fixes, among other things, the schedule for non-expert discovery which is set to conclude February 28, 2011. Counsel has fully complied with that schedule thus far through the timely service of written document requests, interrogatories and requests for admissions, as well as responding to the written requests for documents served by the opposing side.

(c)     Counsel on both sides have conducted themselves in a civil and courteous manner in prosecuting and defending this action. It has been both sides practice to approach the other side to discuss scheduling matters in advance of serving formal notices so as avoid unnecessary motion practice and unduly inconvenience the principals on either side, all of whom – with the exception of Artists Agency, Inc. – reside outside of this jurisdiction.

(d)     Counsel granted opposing counsel's only request for a mutual extension of about 30 days to extend the deadline for the physical production of documents. Counsel option was to refuse that reasonable request and force opposing counsel to seek the intercession of the Court, or, in the alternative, force our clients to make a motion to compel the documents. In light of the early stages of the discovery process, the lack of prejudice to our clients, and the confidence from years of practice in this and other jurisdictions, and our conclusion that the Court would not only grant the opposing counsel's request for the extension, but would have found counsel's refusal unreasonable for taking such a hard position, counsel acceded to the request. Not only would counsel's opposition have unduly burdened the Court, but it would unnecessarily cause our client expense for what was sure to be futile motion practice.

(e)     Counsel has reviewed substantial amounts of files in preparation for the physical production of documents called for in the written requests. Unfortunately, the disparate file formats in which Mr. Ravet has presented most of those documents to counsel has

dramatically increased the difficulty in carrying out that review process. Nonetheless, prior to the irrevocable breakdown in the attorney-client relationship, counsel was on schedule to produce said documents in accordance with the extended deadline.

(f) Counsel has discussed with opposing counsel the possibility of our filing a joint request with the Court to allow the parties to file partial summary judgment motions on a single key liability issue in this action – whether the identified language in paragraph 4(a) of the agreement between the parties is a condition precedent that governs defendant Celebrity Chef Tours, LLC's obligation to advance money for placement into escrow by the identified Escrow Agent. After discussions with their clients, opposing counsel denied our request. Without the consent of opposing counsel, and in light of opposing counsel advising that they believed there would be numerous disputed issues of material fact concerning this key issue, it was counsel's opinion that proceeding unilaterally with a partial summary judgment motion at this early stage of proceedings would be ill advised. Before counsel could make a final determination whether to file a unilateral request with this Court for said relief, the final breakdown of the attorney-client relationship occurred.

(g) Counsel has discussed with opposing counsel the possibility of scheduling depositions in New York during the week of October 4th for not only representatives of the two company plaintiffs and the New York based third-party defendant Artists Agency Inc., but for some of the individual parties who have been named as third party defendants. Counsel was given the understanding that some or all of those witnesses could be in the New York area during that week to attend the Food Network's New York City Food and Wine Festival on October 7-10, 2010. Knowing that the individual non-resident third-party defendants could not be

compelled to appear in New York for deposition, counsel sought consent of opposing counsel to produce them voluntarily. After checking with their clients, opposing counsel rejected our request and countered with the offer to produce all of the witnesses in Georgia the following week of October 11, 2010. Although we could not reach any agreement to proceed with the requested depositions in New York City during the week of October 4th, opposing counsel has been both responsive and cooperative in our mutual efforts to arrange depositions dates and venues, although no dates have been agreed to yet. In order to protect our clients' rights with respect to the three potential New York depositions, counsel served opposing counsel with a notice to take those three depositions in New York the week of October 4, 2010.

(h)   In addition, counsel has never confirmed with the defendants that any depositions would proceed in New York during the week of October 4, 2010. Contemporaneously with the service of those Deposition Notices, opposing counsel advised that her clients would not be available for depositions the week of October 4. Counsel challenges Mr. Ravet's claim of financial prejudice by having to proceed with the depositions of the individual third party defendants in their home state of Georgia. The defendants and Mr. Ravet are California residents and both Georgia and New York are on the opposite coast.

6. Counsel is not opposed to Mr. Ravet's request that we cease contact with opposing counsel. Nor does counsel have any problem with defendants proceeding *pro se* until such time as new counsel can be appointed, although the wiser course would be to stay the action until that time. However, counsel retains an attorney's lien on any files Mr. Ravet provided pending the payment by defendants of the final bill submitted for our services.

7. Based upon the above, and the submissions in counsel's moving papers, it is respectfully submitted that the application for permission to withdraw as counsel be granted immediately.

8. I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 29, 2010

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　Robert S. Meloni

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAULA DEEN ENTERPRISES, LLC and DEEN BROTHERS ENTERPRISES, LLC,<br><br>Plaintiffs,<br><br>-against-<br><br>CELEBRITY CHEFS TOUR, LLC and PROMARK PRODUCTIONS, LLC,<br><br>Defendants | Civil Action No. No. 10 CV 1529(AKH)<br><br>**CERTIFICATE OF SERVICE** |

  The undersigned hereby certifies that he served a true and correct copy of the annexed **REPLY DECLARATION OF ROBERT S. MELONI IN SUPPORT OF MOTION FOR ORDER GRANTING COUNSEL FOR CELEBRITY CHEFS TOUR, LLC AND PROMARK PRODUCTIONS, LLC LEAVE TO WITHDRAW** on the 29th day of September 2010 by Email (PDF copy) and by depositing a true and correct copy thereof, enclosed in a wrapper addressed as shown below, into the exclusive care and custody of Federal Express for overnight delivery, prior to the latest time designated by that service for overnight delivery to the following person(s):

(1) Celebrity Chefs Tours LLC, *Defendant/Counterclaimant and Third Party Plaintiff*
   1441 Cottontail Lane
   La Jolla, CA 92037
   Email: gravet@promarkproductions.com

(2) Promark Productions LLC, *Defendant*
   1441 Cottontail Lane
   La Jolla, CA 92037
   Email: gravet@promarkproductions.com

(3) Lori Marks-Esterman, Esq.
   Email: jheil@olshanlaw.com
   Jennifer L. Heil, Esq.
   Email: lmarksesterman@olshanlaw.com
   Olshan, Grundman, Frome, Rosenzweig & Wolosky, LLP
   65 East 55th Street
   New York, NY 10022
   *Attorneys for Plaintiff/Counter-Defendants and Third-Party Defendants*

            _____
             Robert S. Meloni
             Dated: September 29, 2010