

Allison J. Schoenthal
Jordan L. Estes
Hogan Lovells US LLP
Attorneys for Plaintiffs
875 Third Avenue
New York, New York 10022
(212) 918-3000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAULA DEEN ENTERPRISES, LLC and DEEN BROTHERS ENTERPRISES, LLC,<br><br>Plaintiffs,<br><br>- against -<br><br>CELEBRITY CHEFS TOUR, LLC and PROMARK PRODUCTIONS, LLC,<br><br>Defendants | Docket No. 10 Civ. 1529 (AKH)<br><br>**AMENDED COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiffs Paula Deen Enterprises, LLC and Deen Brothers Enterprises, LLC, by their attorneys, Hogan Lovells US LLP, for their Amended Complaint state:

Introduction

1. This is an action for breach of contract and indemnification arising from a Tour Engagement Agreement (the "Tour Agreement") entered into by and among plaintiffs and defendant Celebrity Chefs Tour, LLC ("CCT"). The Tour Agreement generally provides that CCT would organize and promote a series of live cooking demonstration events in several cities that would feature celebrity chefs Paula Deen, Michael Groover, Bobby Deen, and Jamie Deen.

2. The Tour Agreement provides for defendant CCT to make certain payments to plaintiffs on certain prescribed dates, including without limitation, a $150,000 deposit immediately upon the signing of the Tour Agreement. Despite this clear contractual requirement, CCT failed and refused to pay the deposit, as well as other payments owed under the Tour Agreement, instead sending plaintiffs a false wire transfer number and a check that bounced. Based on CCT's failure to make payments as required under the Tour Agreement, on February 16, 2010, plaintiffs terminated the Tour Agreement.

3. Plaintiffs seek herein compensatory damages owed to them under the Tour Agreement, which amount exceeds $250,000, plus indemnification of any and all costs incurred by plaintiffs as a result of CCT's breach of the Tour Agreement.

## The Parties

4. Plaintiff Paula Deen Enterprises, LLC ("Paula Deen Enterprises") is a Georgia limited liability company with a principal office address at 2391 Downing Avenue, Thunderbolt, Georgia 31404, doing business through its representative Barry Weiner at Artists Agency, Inc. ("AAI"), located at 230 West 55th Street, New York, New York 10019. Paula Deen Enterprises' sole member is Paula Deen, a citizen of the State of Georgia. Among other things, Paula Deen Enterprises is engaged in the business of providing educational and entertainment programs relating to the subjects of food and cooking, and employs the celebrity chefs Paula Deen and Michael Groover.

5. Plaintiff Deen Brothers Enterprises, LLC ("Deen Brothers Enterprises") is a Georgia limited liability company with a principal office address at 2391 Downing Avenue, Thunderbolt, Georgia 31404, doing business through its representative Barry Weiner at AAI, located at 230 West 55th Street, New York, New York 10019. Deen Brothers Enterprises' two

members are Robert Deen and James Deen, both citizens of the State of Georgia. Among other things, Deen Brothers Enterprises is engaged in the business of providing educational and entertainment programs relating to the subjects of food and cooking, and employs the celebrity chefs Robert "Bobby" Deen and James "Jamie" Deen.

6.   Defendant CCT is a California limited liability company with its principal address at P.O. Box 1083, La Jolla, California, 92038. Among other things, CCT is engaged in the business of providing tour organization and promotion services for educational and entertainment programs throughout North America. CCT's agent for service of process is Gary Ravet at P.O. Box 1083, La Jolla, California 92038. Upon information and belief, Gary Ravet, a citizen of the State of California, is the sole member of CCT.

7.   Defendant Promark Productions, LLC ("Promark") is a California limited liability company with its principal address at 1261 Prospect Street, La Jolla, California 92037. Among other things, Promark is engaged in the business of providing tour organization and promotion services for educational and entertainment programs throughout North America. Promark's agent for service of process is Gary Ravet at P.O. Box 1083, La Jolla, California 92038. Upon information and belief, Gary Ravet, a citizen of the State of California, is the sole member of Promark.

## Jurisdiction and Venue

8.   This Court has jurisdiction pursuant to 28 U.S.C. §1332, because this is an action between citizens of diverse states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.   Venue is proper in this Court pursuant to 28 U.S.C. § 1404(a) because, pursuant to the Tour Engagement Agreement, all parties have explicitly submitted to the exclusive

jurisdiction of the United States District Court for the Southern District of New York with respect to all claims brought by plaintiffs relating to the Tour Agreement. Additionally, venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because a significant amount of the negotiations relating to the Tour Agreement took place within the offices of AAI in New York, New York.

The Tour Engagement Agreement

10.     On December 29, 2009, plaintiffs and defendant CCT entered into the Tour Engagement Agreement (the "Tour Agreement"). The Tour Agreement provides for CCT to organize and promote a series of live cooking demonstration events in several cities that would feature celebrity chefs Paula Deen, Michael Groover, Bobby Deen, and Jamie Deen.

11.     CCT's responsibilities under the Tour Agreement included, without limitation, arranging the venue for each event, promoting and advertising each event, providing travel and accommodations for the chefs, and setting up all of the production elements for each event, including sound and lighting systems, video screens, equipment, security, groceries, a stage kitchen, cleaning, and backstage catering. Plaintiffs' responsibilities under the Tour Agreement included the chefs' participation in the live cooking demonstration events, promotional activities, and media interviews, provision of certain photographs, video clips, and biographical materials for promotion of the events, and assistance with shopping lists, recipes, and preparation instructions for the cooking demonstrations.

12.     The Tour Agreement sets forth a planned itinerary for the series of live cooking demonstrations that included events in ten cities, with one or two performances in each city, starting on February 20, 2010 and running through May 23, 2010. The first two events were to take place with two performances on February 20, 2010 in Charlotte, North Carolina, and two

performances on February 21, 2010 in Durham, North Carolina. The Tour Agreement left open the possibility for further tour dates in various other cities.

13. Section 4 of the Tour Agreement is entitled "Financial Terms" and sets forth the compensation to be paid to plaintiffs under the Tour Agreement. This Section provides that CCT is to pay Paula Deen Enterprises an amount per event, in the sums specified on the attached Exhibit A to the Tour Agreement. This Section further provides that CCT was to pay to Paula Deen Enterprises the sum of $150,000 "promptly following full execution of this agreement." Such sum is to be deposited into escrow with AAI, and applied on a pro-rata basis against the sums payable in connection with the first ten events.

14. Exhibit A to the Tour Agreement sets forth the compensation for performance at each event, and provides that CCT would additionally pay Paula Deen Enterprises the sum of $130,000 for each event involving two performances, and between $75,000 and $130,000 for each event involving one performance. The specific amount for one-performance events was to be determined based on the gross income generated by the event.

15. Section 4 of the Tour Agreement also sets forth a payment schedule for the event payments, and specifies that, at least ten days before each event, CCT must deposit into escrow with AAI fifty percent (50%) of the event payment, with the remaining balance to be forwarded to plaintiffs immediately prior to each event.

16. Pursuant to Section 7(d) of the Tour Agreement, CCT agreed that if it failed to make any payments to plaintiffs when due under the Tour Agreement, plaintiffs were entitled to immediately terminate the agreement and to retain any amounts held in escrow.

17. Pursuant to Section 7(f) of the Tour Agreement, CCT further agreed that it is obligated to indemnify and hold harmless Paula Deen Enterprises and Deen Brothers Enterprises,

as well as Paula Deen, Michael Groover, Bobby Deen and Jamie Deen, "from and against any and all third party claims, liabilities, suits, damages and expenses (including reasonable third party legal fees and expenses) suffered or incurred as a result of [CCT's] negligence, actions, omissions or breach" of the Tour Agreement.

18. Up until the plaintiff rightfully terminated the Tour Agreement on February 16, 2010, plaintiffs complied with all of their responsibilities based on the terms and conditions of the Tour Agreement.

### CCT Breaches the Tour Agreement

19. As noted above, the Tour Agreement provides for CCT to make an immediate $150,000 payment to plaintiffs as of the signing of the Tour Agreement. The Tour Agreement also provided for CCT to make payments of between $75,000 and $130,000 to plaintiffs in advance of each event.

20. The Tour Agreement was executed on or about January 5, 2010. Despite the clear obligation to pay the $150,000 immediately, and despite plaintiffs' multiple demands, CCT to date has failed to make the $150,000 deposit payment, and has further failed to make the event payments in the amounts and at the times specified in the Tour Agreement.

21. CCT purported to send plaintiffs the $150,000 deposit by sending plaintiffs a check dated January 6, 2010 in the sum of $150,000. Plaintiffs were subsequently notified, however, that the check bounced due to insufficient funds.

22. Although plaintiffs were entitled under Section 7(d) of the Tour Agreement to terminate the Tour Agreement immediately after the $150,000 deposit went unpaid, they continued to work in good faith with CCT on the planning of the events. As the first two events, scheduled for Charlotte and Durham on February 20-21, 2010, drew near, plaintiffs sent CCT

multiple written demands for both the deposit payment, and the payments owed for upcoming events.

23. Thus, on February 11, 2010, plaintiffs' counsel sent a letter and invoice to CCT by Federal Express and email, demanding that CCT immediately pay the sum of $100,000 for the upcoming Charlotte and Durham events. The invoice further noted that the sum of $130,000 was due on February 17, 2010.

24. In response, CCT stated that it would forward the invoice "to the two venues, who are making these payments." AAI responded immediately, advising that CCT was responsible for making the payments under the Tour Agreement, not the venues, and requesting that CCT remit payment as soon as possible. AAI also sent wiring instructions to CCT to pay the proper amount for the Charlotte and Durham events.

25. On February 12, 2010, plaintiffs advised CCT that the check for the $150,000 deposit would not clear due to insufficient funds, and demanded that CCT immediately pay that sum as well.

26. In response, CCT advised AAI that a wire transfer to Paula Deen Enterprises' account had been sent, and sent to AAI a purported tracking number for the wire transfer. This wire transfer, however, never occurred. Indeed, plaintiffs subsequently learned that the tracking number given by CCT was incorrect, and appeared to be fraudulent based on its format.

27. After CCT sent the check that bounced, and represented that it had wired funds that subsequently did not go through, plaintiffs became suspicious about the intentions and character of CCT, and proceeded to inquire about its background and that of its owner, Gary Ravet. In doing so, plaintiffs learned that Ravet was once an attorney admitted to practice law in the State of California, but in 1997 was suspended for nine months from the practice of law as a

result of failing to perform legal services competently, conveying incorrect information to a court, and failing to pay sanctions for discovery abuse. Plaintiffs also learned that in 2003 Ravet voluntary resigned permanently from the State Bar of California with charges pending, and is no longer eligible to practice law in the State of California. This information caused plaintiffs great concern as to whether CCT could perform its obligations under the Tour Agreement.

28. On February 16, 2010, Paula Deen Enterprises received a wire transfer in the amount of $100,000 from an individual named Dorota Pearson, who was unknown to plaintiffs. This wire transfer appeared to be ostensibly on behalf of CCT, but was well short of the $250,000 owed by CCT to plaintiffs as of that date.

29. CCT has breached its obligations under the Tour Agreement by failing to make the required payments to plaintiffs as required under the Tour Agreement. As set forth above, CCT's breach of the Tour Agreement entitled plaintiffs to immediately terminate the Tour Agreement and retain any amounts held in escrow.

30. Thus, on February 16, 2010, plaintiffs advised CCT that, based on CCT's failure to make payments owed under the Tour Agreement, they were terminating the Tour Agreement. On February 17, 2010, plaintiffs reiterated this, advising CCT, once again, that due to CCT's failure and refusal to make the payments owed under the Tour Agreement (and in particular because CCT had sent a bogus wire tracking number and a check that CCT knew would not clear), plaintiffs were electing to terminate the Tour Agreement.

31. On February 23, 2010, plaintiffs refunded the $100,000 wire payment to Dorota Pearson, CCT thus owes to plaintiffs in excess of $250,000 under the Tour Agreement.

### FIRST CLAIM FOR RELIEF
(Breach of Contract)

32. Plaintiff repeats the allegations in paragraphs 1 to 31 above.

8

33. Pursuant to Section 4 of the Tour Agreement, defendant CCT was obligated to make an immediate payment of $150,000 to plaintiffs as of the signing of the Tour Agreement, and was further obligated to pay plaintiffs the sum of $100,000 on or before February 10, 2010.

34. Despite these clear obligations and despite plaintiffs' multiple demands, CCT failed to make the $150,000 deposit payment, and further failed to pay to plaintiffs the $100,000 on or before February 10, 2010.

35. To date, CCT has failed and refused to pay plaintiffs the sums owed under the Tour Agreement. Defendant is therefore in breach of the Tour Agreement.

36. As a result, plaintiffs have been damaged in an amount not less than $250,000.

37. Based on the foregoing, defendant CCT is obligated to pay plaintiffs damages in an amount in excess of $250,000, plus all costs and interest.

## SECOND CLAIM FOR RELIEF
(Indemnification)

38. Plaintiff repeats the allegations in paragraphs 1 to 37 above.

39. Pursuant to Section 7(f) of the Agreement, defendant is obligated to indemnify and hold plaintiffs, as well as Paula Deen, Michael Groover, Bobby Deen and Jamie Deen, harmless "from and against any and all third party claims, liabilities, suits, damages and expenses (including reasonable third party legal fees and expenses) suffered or incurred as a result of [CCT's] negligence, actions, omissions or breach" of the Tour Agreement.

40. By virtue of defendant's breaches of the Tour Agreement, plaintiffs have incurred and will continue to incur damages. Plaintiffs hereby demand and are entitled to judgment against defendant CCT indemnifying plaintiff for all costs, fees, disbursements, damages and expenses, including, without limitation, attorney's fees in an amount not yet known but to be determined at trial.

WHEREFORE, plaintiffs pray that the Court award the following relief:

(ii) On their First Claim for Relief, awarding plaintiffs compensatory damages in amount in excess of $250,000, plus interest and costs;

(iii) On their Second Claim for Relief, awarding plaintiffs all costs, fees, disbursements, damages, expenses, attorney's fees and costs relating to third-party actions, in an amount to be determined at trial;

(iv) Awarding plaintiffs such other and further relief, including without limitation, attorney's fees, costs and interest, as the Court deems just and proper.

Dated: New York, New York
October 21, 2011

Respectfully submitted,

HOGAN LOVELLS US LLP

By: _____
Allison J. Schoenthal
Jordan L. Estes

875 Third Avenue
New York, New York 10022
Tel: (212) 918-3000
Fax: (212) 918-3100
allison.schoenthal@hoganlovells.com
jordan.estes@hoganlovells.com

*Attorneys for Plaintiffs Paula Deen Enterprises, LLC and Deen Brothers Enterprises, LLC*