UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAULA DEEN ENTERPRISES, LLC and
DEEN BROTHERS ENTERPRISES, LLC

        Plaintiffs,

-against-

CELEBRITY CHEFS TOUR, LLC and
PROMARK PRODUCTIONS, LLC,

        Defendants.

CELEBRITY CHEFS TOUR, LLC

        Counterclaim-Plaintiff,

-against-

PAULA DEEN ENTERPRISES, LLC and
DEEN BROTHERS ENTERPRISES, LLC

        Counterclaim-Defendants.

CELEBRITY CHEFS TOUR, LLC

        Third Party-Plaintiff,

-against-

PAULA DEEN, MICHAEL GROOVER, BOBBY
DEEN, JAMIE DEEN and ARTISTS AGENCY, INC.,

        Third Party-Defendants.

Index No.: 10 CV 1529 (AKH)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE***

    Defendant/Counterclaim-Plaintiff, Celebrity Chefs Tour, LLC, by and through its undersigned counsel, requests the Court to enter an Order *in limine* excluding from trial all evidence relating to or referring Gary Ravet's history with the California Bar, any other legal actions or outstanding judgments against Mr. Ravet, any warrants issued against him by any

court, and any alleged history of nonpayment of debts, and in support states:

## I.     Background.

This case involves two competing breach of contract claims arising out of a contract between Paula Deen Enterprises, LLC (PDE), Deen Brothers Enterprises, LLC (DBE), Paula Deen, Michael Groover, Jamie Deen and Bobby Deen (collectively Deen Parties) and Celebrity Chefs Tour, LLC (CCT) in which the Deen Parties agreed to perform a series of live theatre-style events at various venues throughout the country. There are currently two claims pending: 1) a claim for breach of contract brought by PDE and DBE against CCT; and 2) a claim for breach of contract brought by CCT against all of the Deen Parties.

On September 6, 2011, Deen Parties took the deposition of Gary Ravet, the manager of CCT.  During that deposition, Deen Parties questioned Mr. Ravet extensively about his disciplinary history with and resignation from the California Bar.

In an August 16, 2012, correspondence to the Court concerning the cancellation of the deposition of CCT's expert witness, counsel for Deen Parties represented that Mr. Ravet had "numerous unpaid judgments against him across the country and a recent bench warrant in California." Similarly, the Deen Parties describe Mr. Ravet in a recent motion in limine to a "long history of failing to pay debts," see D.E. 98, p.1, and even go so far as to attach a bench warrant for an alleged failure to appear at a post-trial examination. D.E. 98, Ex. 99.

CCT moves *in limine* to exclude all evidence relating to or referring to Mr. Ravet's history with the California Bar, any other legal actions or outstanding judgments against Mr. Ravet, any warrants issued against him by any court, and any alleged history of nonpayment of debts. This evidence should be excluded for numerous reasons. First, this evidence has no relevance to any of the claims or defenses that were pled or which are being adjudicated in this action. Second, introduction of any evidence described above would be improper propensity

evidence which should be excluded pursuant to Fed. R. Evid. 404(b). Third, even if such evidence was relevant and not subject to exclusion as improper character evidence, the evidence should be excluded because its value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

## II. The evidence about Mr. Ravet is irrelevant.

In order for evidence to be admissible, it "must be relevant, meaning that the evidence must have 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence.'" Fed. R. Evid. 401. Evidence which is not relevant is not admissible. Fed. R. Evid. 402.

Testimony concerning Mr. Ravet's history with the California Bar or any other legal actions or outstanding judgments against him has no tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. This testimony does not make it more or less probable that Deen Parties breached their contract with CCT. There is no articulable basis for how this testimony is relevant to the determination of this action.[1]

Because Mr. Ravet's California Bar history and any other lawsuits in which he is involved, including for any alleged debts owed by Mr. Ravet, are irrelevant to the facts that are of consequence to the determination of this action, the evidence of this history and any other

---

[1] If a witness has testified concerning a collateral matter, cross-examining counsel may question witness about the testimony, but must take the answer and cannot present extrinsic evidence to impeach the witness related to the collateral matter. *United States v. DeCologero*, 530 F.3d 36, 60 (1st Cir. 2008); *United States v. Diecidue*, 603 F.2d 535, 550 (5th Cir. 1979)("extrinsic evidence of specific instances of a witness' conduct is generally not admissible to contradict his testimony on matters collateral to the issues in the case and so attack his credibility.").

3

legal actions involving Mr. Ravet should be excluded from evidence at trial, and any references to these matters should be disallowed.

> **III.    Any testimony regarding these matters would be improper character evidence.**

It is believed that Deen Parties may attempt to use the evidence above to attempt to cast a negative light upon Mr. Ravet's character. Deen Parties have used this tactic previously; in the letter motion to preclude CCT's expert, their counsel accused Mr. Ravet of showing "disregard for the court system." More recently, the statements by Deen Parties that Mr. Ravet has a long history of failing to pay debts makes clear that Deen Parties intend to use this evidence solely for its negative value. As the only possible purpose this evidence could have would be to portray Mr. Ravet as a bad actor, which is impermissible under the Federal Rules, this evidence should be excluded.

Generally, character evidence is inadmissible to show that a person acted in conformity with that character. Fed. R. Evid. 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

The purpose of Rule 404 is "to prevent evidence of a defendant's crimes or acts from being admitted merely to suggest that 'a man with such a defect of character is more likely than men generally to have committed the act in question.'" *United States v. Shriver,* 842 F.2d 968, 972 (7th Cir. 1988); *Michelson v. United States*, 335 U.S. 469, 476, 69 S. Ct. 213, 218, 93 L. Ed. 168 (1948)(stating that improper character evidence "weigh[s] too much with the jury and . . . overpersuades them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge"). Improper character evidence is inadmissible and improper. *Washington v. Hofbauer*, 228 F.3d 689, 699 (6th Cir. 2000)(holding that prosecutor

committed misconduct by emphasizing defendant's "bad character"); *Baker v. Eichholz,* 2009 WL 62266, at *4 (S.D. Ga. 2009)("Evidence of Defendant['s unrelated] disciplinary record is improper character evidence because it is being used to suggest that, on this occasion, Defendant [] acted in conformity with a prior pattern of behavior.").

As seen in the text of Rule 404(b), certain exceptions to the character evidence rule exist. One of these exceptions is motive. Deen Parties may attempt to argue that the adverse court decisions involving Mr. Ravet are somehow relevant to CCT's motive for bringing its claims, and thus admissible pursuant to the motive exception contained in Rule 404(b). Courts have held that evidence tending to show financial or economic motivation for bringing a civil lawsuit is inadmissible, despite the language of Rule 404(b). *Smith v. Specialty Pool Contractors*, 2009 WL 799748, at *5 (W.D. Pa. 2009)(holding that evidence that was purportedly relevant to defendant's theory that plaintiff's motive in filing lawsuit was to cover financial obligations was not admissible); *Scalone v. Home Depot U.S.A., Inc.*, 2007 WL 3407379, at *2 (M.D. Fla. 2007)(holding that "[e]ven if Plaintiff's reason for bringing this action was to recover money which she intended to invest in a business venture, those financial motivations are no different than those which motivate any number of plaintiffs to bring lawsuits to recover monetary damages", and "that Plaintiff may have had plans for investing any damages she recovered is irrelevant to the determination of bad faith.").

Similarly, even if evidence of Mr. Ravet's bar proceedings were somehow generally relevant to this action, any actions taken by him in 2003 would have no bearing on this current lawsuit. In order for prior acts to be admissible pursuant to Rule 404(b), the acts must be sufficiently related and proximate in time to be relevant. *See United States v. Bartek,* 2008 WL 2949437, at *1 (N.D. Fla. 2008); *United States v. Barry,* 814 F.2d 1400, 1404 (9th Cir. 1987).

Any evidence of Mr. Ravet's bar history in 2003 is too far removed in time to be relevant to this 2010 action.  Consequently, this evidence is not allowed by Rule 404(b).[2]

### IV. Testimony regarding Mr. Ravet's bar history and other legal actions should be excluded as prejudicial, designed to mislead the jury and as a waste of time.

Assuming, *arguendo*, that references to Mr. Ravet's bar history or other legal actions in which he is involved are somehow relevant, they should still be excluded.  Federal Rule 403 provides that otherwise relevant evidence may be excluded if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, [] misleading of the jury [and] by considerations of undue delay and waste of time …." Fed. R. Evid. 403; *United States v. Petrie*, 302 F.3d 1280, 1287 (11th Cir. 2002)(holding that the exclusion of evidence of legality of funding contracts in prosecution for conspiracy to launder money was proper, as any probative value of this evidence would be outweighed by potential jury confusion that would have arisen from the presentation of contract issues in the context of a criminal case).

Evidence related to Mr. Ravet's prior bar history and other court actions fall within this category.  The introduction of such evidence, even if it had marginal probative value, which it does not, would only waste the Court's time and possibly confuse the jury.  This case has nothing to do with Mr. Ravet's bar history or other cases, and they should not be a part of this case.  By informing the jury of any previous bar history of Mr. Ravet, Deen Parties are inviting

---

[2] The other manner in which Deen Parties may attempt to use this evidence is in an attempt to show untruthfulness on the part of Ravet, thus making it more likely that his testimony in this case is not credible.  This type of impeachment is improper. Federal Rule of Evidence 608(b) provides:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of a crime as provided in rule 609, may not be proved by extrinsic evidence.  They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character of the witness being cross-examined has testified.

None of the evidence sought to be excluded pertains to Mr. Ravet's character for truthfulness or untruthfulness.

the jury to consider and decide matters not properly before it, and detracts the jury in a confusing manner from the material issues to be determined in this case.

In addition, there is a possibility that the jury may be prejudiced against a lawyer who resigned from a state bar or who is involved in other lawsuits. As such, any evidence of these matters, if admitted at trial, would prove to be of scant probative force, and be dragged in for the sole purpose of prejudicing CCT. Such prejudice would be unfair because it would have "an undue tendency to suggest a decision on an improper basis." *Plantation Pipeline Co. v. Continental Cas. Co.*, 2008 WL 4737163, *2 (N.D. Ga. 2008). Mr. Ravet's history is completely irrelevant to Deen Parties' actions, and the consideration of them will result in a waste of time for the jury, the Court and CCT. Consequently, references to Mr. Ravet's prior bar history and other court actions in which he is or has been involved should be excluded from the trial of this matter.

### V. Conclusion

References to: 1) Mr. Ravet's history with the California Bar; 2) any other legal actions to which he or any of his companies has been a party; 3) any outstanding judgments against Mr. Ravet; 4) any warrants issued against Mr. Ravet by any court; and 5) any alleged history of nonpayment of debts are irrelevant. The introduction of this evidence would constitute improper character or credibility evidence. Lastly, this evidence would be unfairly prejudicial to CCT and confusing to the jury. For all of these reasons, the evidence should be excluded from the trial of this matter.

DATED: Buffalo, New York
September 5, 2012

**GOLDBERG SEGALLA LLP**

By: /s/ *Christopher Bopst*
_____
Christopher J. Belter, Esq.
Christopher Bopst, Esq.
*Attorneys for Defendant/Counterclaim-Plaintiff,*
*Celebrity Chefs Tour, LLC.*
665 Main Street, Suite 400
Buffalo, New York 14203
Tel: (716) 566-5400
Email: cbelter@goldbergsegalla.com

871512.1